# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RANDALL L. VANCE | * |
| | * |
| Plaintiff | * |
| | * |
| v. | *   Civil Action No. PJM 03 CV 427 |
| | * |
| HOUSING OPPORTUNITIES COMMISSION | * |
| OF MONTGOMERY COUNTY, *et al.* | * |
| | * |
| Defendants | * |

## ANSWER OF HOUSING OPPORTUNITIES COMMISSION OF MONTGOMERY COUNTY, MARYLAND

Defendant Housing Opportunities Commission of Montgomery County, Maryland, by and through its undersigned attorneys, answers Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Defendant did not intentionally or otherwise deprive or cause Plaintiff to be deprived of any of his rights.

### THIRD DEFENSE

To the extent Plaintiff attempts to allege a state tort claim, the Housing Opportunities Commission of Montgomery County, Maryland is entitled to governmental immunity.

### FOURTH DEFENSE

Defendant generally denies liability as alleged in the Plaintiff's Complaint.

**FIFTH DEFENSE**

The injuries, losses and damages, if any, allegedly sustained by Plaintiff were caused by his sole or contributory negligence.

**SIXTH DEFENSE**

To the extent Plaintiff attempts to allege a state tort claim, it is barred by assumption of the risk.

**SEVENTH DEFENSE**

This action may be barred by the applicable statute of limitations.

**EIGHTH DEFENSE**

This action may be barred by the doctrine of waiver.

**NINTH DEFENSE**

This action may be barred by the doctrine of relief.

**TENTH DEFENSE**

Plaintiff failed to exhaust—timely or otherwise—all administrative remedies and/or the exclusive judicial review.

**ELEVENTH DEFENSE**

Defendant denies the nature, extent and causal relationship of any of the damages claimed by the Plaintiff.

**TWELFTH DEFENSE**

Defendant is entitled to any limitation of or cap on damages as provided in the state law in the Local Government Tort Claims Act, codified in Md. Cts. & Jud. Proc. Code Ann., §5-301 *et seq.*

**THIRTEENTH DEFENSE**

Defendant's responses to the allegations of Plaintiff's Complaint are as follows:

1.      To the extent that ¶1 contains a summary of Plaintiff's claims rather than factual allegations, this Defendant is not required to provide a response thereto.  However, this Defendant generally denies that Plaintiff is entitled to the relief requested.  To the extent that ¶1 contains factual allegations, they are denied.

2.      Defendant acknowledges the jurisdiction of this Court.

3.      Defendant is without knowledge or information sufficient to admit or deny the residency allegations contained in ¶3 of the Complaint, but otherwise acknowledges that venue is proper in this Court.

4.      Defendant admits the allegations contained in ¶4 of the Complaint that Plaintiff is the father of Donta Pope, that Plaintiff was diagnosed with schizophrenia, paranoid type, and that Plaintiff received housing subsidy under the McKinney VI program.  The Defendant, however, is without knowledge or information sufficient to admit or deny the remaining allegations.

5.      Defendant admits the allegations contained in ¶5 of the Complaint that it is organized pursuant to Article 44A of the Annotated Code of Maryland, that it receives funding from the federal, state and county governments, that it coordinates the McKinney-Vento Homeless Assistance Act (the "McKinney Act") in Montgomery County, that the number VI refers to a particular grant received by the Defendant, and that this Defendant has administered eight other McKinney Act grants.  Defendant denies the remaining allegations.

6.      Defendant admits the allegations contained in ¶6 of the Complaint.

7.      Defendant admits the allegations contained in ¶7 of the Complaint that Mark Looney

was a program coordinator of its McKinney VI Supportive Housing Program and that he administered the program. Defendant denies the remaining allegations.

8.  Defendant admits the allegations contained in ¶8 of the Complaint that Cathy Kramer is a program specialist with this Defendant. Defendant denies the remaining allegations.

9.  Defendant is not required to respond to ¶9 of the Complaint, as it sets forth the Plaintiff's interpretation of the McKinney Act and the administrative regulations that implement the Act. The law speaks for itself.

10. To the extent that ¶10 of the Complaint sets forth the Plaintiff's interpretation of the purpose of the McKinney-Vento Homeless Assistance Act, Defendant is not required to respond. Defendant admits sentence 2 of ¶10.

11. Defendant admits ¶11 of the Complaint.

12. Defendant is not required to respond to ¶12 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

13. Defendant is not required to respond to ¶13 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

14. Defendant is not required to respond to ¶14 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

15. Defendant is not required to respond to ¶15 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

16. Defendant is not required to respond to ¶16 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

17. Defendant is not required to respond to ¶17 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

18. Defendant is not required to respond to ¶18 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

19. Defendant admits the allegations contained in ¶19 of the Complaint.

20. Defendant is not required to respond to ¶20 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

21. Defendant admits the allegations contained in ¶21 of the Complaint.

22. Defendant admits the allegations contained in ¶22 of the Complaint.

23. Defendant admits the allegation contained in ¶23 of the Complaint that Plaintiff had a diagnosis of schizophrenia, paranoid type, when he entered the McKinney VI program, but denies the remaining allegations.

24. Defendant admits the allegations contained in ¶24 of the Complaint.

25. Defendant denies the allegations contained in ¶25 of the Complaint.

26. Defendant denies the allegations contained in ¶26 of the Complaint.

27. Defendant denies the allegations contained in ¶27 of the Complaint.

28. Defendant admits the allegation contained in ¶28 of the Complaint that it issued Plaintiff a notice of termination in May, 2001, but denies the remaining allegations.

29. Defendant admits the allegations contained in ¶29 of the Complaint.

30. Defendant admits the allegations contained in ¶30 of the Complaint that the Appeals Panel decided to terminate Plaintiff's participation in the McKinney VI program, but it agreed to

suspend the termination if Plaintiff complied with stipulated actions. Defendant further admits that Cathy Kramer and Mark Looney notified Plaintiff of the Appeals Panel's decision. Defendant denies the remaining allegations.

31. Defendant admits the allegations contained in ¶31 of the Complaint that on August 22, 2001, a letter was sent to Plaintiff, but it denies Plaintiff's characterization of the contents of the letter.

32. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶32 of the Complaint.

33. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶33 of the Complaint.

34. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶34 of the Complaint.

35. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶35 of the Complaint.

36. Defendant admits the allegation contained in ¶36 of the Complaint that on or about April 25, 2002, Mark Looney met with Tanya Cottle and Amy Christianson to discuss Plaintiff reapplying to the McKinney VI program. Defendant denies the remaining allegations.

37. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶37 of the Complaint.

38. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶38 of the Complaint.

39. Defendant is without knowledge or information sufficient to admit or deny the

allegations contained in ¶39 of the Complaint.

40. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶40 of the Complaint. But Defendant admits that while Plaintiff was a participant in the McKinney VI program, he did not comply with the psychiatric treatment portion of the program.

41. Defendant admits the allegation contained in ¶41 of the Complaint that Plaintiff reapplied to the McKinney VI program in September, 2002, but denies the remaining allegations.

42. Defendant admits the allegation contained in ¶42 of the Complaint that Diana Bird and Charlotte Taylor interviewed Plaintiff in October, 2002, but denies the remaining allegations.

43. Defendant admits the allegation contained in ¶43 of the Complaint that Plaintiff's request to have his mother present during his interview was denied. Defendant is without knowledge or information sufficient to admit or deny the remaining allegations.

44. Defendant admits the allegation contained in ¶44 of the Complaint that Ms. McNally wrote a letter attached as Exhibit 3. To the extent necessary, Defendant denies Plaintiff's other characterizations, as the letter speaks for itself.

45. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶45 of the Complaint.

46. Defendant admits the allegation contained in ¶46 of the Complaint that Plaintiff was not accepted into the McKinney VI program again, but denies the remaining allegations.

47. Defendant admits the allegation contained in ¶47 of the Complaint that Plaintiff's counsel wrote a letter attached as Exhibit 4. To the extent necessary, Defendant denies Plaintiff's other

characterizations, as the letter speaks for itself.

48. Defendant admits the allegation contained in ¶48 of the Complaint that Plaintiff's counsel wrote a letter attached as Exhibit 5.  To the extent necessary, Defendant denies Plaintiff's other characterizations, as the letter speaks for itself.

49. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶49 of the Complaint.

50. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶50 of the Complaint.

51. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in ¶51 of the Complaint.

52. Defendant incorporates by reference its admissions and denials as set forth in ¶¶1 through 51 above as if fully set forth herein.

53. Defendant is not required to respond to ¶53 of the Complaint, as it sets forth the Plaintiff's legal interpretations.  But Defendant admits that as of the time the Plaintiff participated in the McKinney VI program, he was diagnosed with schizophrenia, paranoid type.  Defendant is without knowledge or information sufficient to admit or deny the allegations as of the present time.

54. Defendant admits the allegation contained in ¶54 of the Complaint.

55. Defendant admits the allegation contained in ¶55 of the Complaint that Plaintiff did participate in the McKinney VI program, but denies the remaining allegations.

56. Defendant is not required to respond to ¶56 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

57. Defendant denies the allegations contained in ¶57 of the Complaint.

58. Defendant denies the allegations contained in ¶58 of the Complaint.

59. Defendant denies the allegations contained in ¶59 of the Complaint.

60. Defendant incorporates by reference its admissions and denials as set forth in ¶¶1 through 59 above as if fully set forth herein.

61. Defendant is not required to respond to ¶61 of the Complaint, as it sets forth the Plaintiff's legal interpretations.

62. Defendant denies the allegations contained in ¶62 of the Complaint.

63. Defendant denies the allegations contained in ¶63 of the Complaint.

64. Defendant denies the allegations contained in ¶64 of the Complaint.

65. Defendant incorporates by reference its admissions and denials as set forth in ¶¶1 through 64 above as if fully set forth herein.

66. Defendant is not required to respond to ¶66 of the Complaint, as it sets forth the Plaintiff's legal interpretations. But Defendant admits that as of the time the Plaintiff participated in the McKinney VI program, he was diagnosed with schizophrenia, paranoid type. Defendant is without knowledge or information sufficient to admit or deny the allegations as of the present time.

67. Defendant denies the allegations contained in ¶67 of the Complaint.

68. Defendant denies the allegations contained in ¶68 of the Complaint.

69. Defendant denies the allegations contained in ¶69 of the Complaint.

70. Defendant incorporates by reference its admissions and denials as set forth in ¶¶1 through 69 above as if fully set forth herein.

71. Defendant admits the allegation contained in ¶71 of the Complaint.

72. Defendant denies the allegations contained in ¶72 of the Complaint.

73. Defendant denies the allegations contained in ¶73 of the Complaint.

74. Defendant denies the allegations contained in ¶74 of the Complaint.

75. Defendant incorporates by reference its admissions and denials as set forth in ¶¶1 through 74 above as if fully set forth herein.

76. Defendant denies the allegations contained in ¶76 of the Complaint.

77. Defendant denies the allegations contained in ¶77 of the Complaint.

78. Defendant denies the allegations contained in ¶78 of the Complaint.

## FOURTEENTH DEFENSE

Defendant further states that any and all allegations not affirmatively admitted are denied.

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Verified Complaint for Declaratory and Injunctive Relief;

2. Deny Plaintiff all relief requested;

3. Enter judgment in favor of Defendant;

4. Award Defendant costs and reasonable attorney's fees.

CHARLES W. THOMPSON, JR.
COUNTY ATTORNEY

_____/s/_____
Joann Robertson, Chief
Division of Litigation
Bar No. 03073

/s/
Charles L. Frederick
Associate County Attorney
Bar No. 05995
Attorneys for Montgomery County, Maryland
Executive Office Building
101 Monroe Street, Third Floor
Rockville, Maryland 20850
(240) 777-6700

## DEMAND FOR JURY TRIAL

Housing Opportunities Commission of Montgomery County, Maryland, by and through its undersigned attorneys, hereby demands that all issues of fact in the above-captioned matter be tried by jury.

/s/
Charles L. Frederick
Associate County Attorney

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on this _____ day of March, 2003, a copy of the foregoing was sent by first class mail, postage prepaid, to:

Jennifer L. Berger, Esquire
Legal Aid Bureau, Inc.
6811 Kenilworth Avenue
Suite 500, Calvert Building
Riverdale, Maryland 20737

/s/
Charles L. Frederick

                                        Associate County Attorney

CLF:clf
I:\AF\FREDEC\Vance\p=answer.wpd